UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RALPH H. COTTENHAM, II,

            Plaintiff,                    Case No. 1:10-cv-149

v.                                    Honorable Janet T. Neff

STATE OF MICHIGAN,

            Defendant.

_____/

## OPINION

This is a civil rights action brought by a state prisoner, ostensibly to vacate a void judgment of the Saginaw County Circuit Court under FED. R. CIV. P. 60(b). Plaintiff has paid the full $350.00 filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Ralph H. Cottenham, II presently is incarcerated with the Michigan Department of Corrections and housed at the Carson City Correctional Facility.  He currently is serving a sentence of 15 to 30 years, imposed by the Saginaw County Circuit Court on August 17, 1998, after Plaintiff pleaded guilty to one count of assault with intent to commit murder, MICH. COMP. LAWS § 750.83.  He sues the State of Michigan.

According to quasi-legalistic ramblings of the complaint, Plaintiff appears to allege that because he is a "natural-born, free flesh and blood man who is sentient and moral, a real man of the soil . . . also known as a Sovereign American and as Inhabitant" but "not a United States citizen," he is not subject to prohibitions of the Michigan State Constitution, the United States Constitution, or any ordinance, statute, code or regulation of Michigan or the United States. (Compl., docket #1 at 2-3.)  He also alleges that he is the "Bailor/Secured Creditor" and is a "holder-In-Due-Course" over his own name and person under a recorded security agreement.  (*Id.* at 4.)  As a result, he contends that the Saginaw County Circuit Court improperly exercised jurisdiction over him, without his consent, and imposed a judgment that should be considered void.  For relief, he seeks immediate release from prison, an order vacating the sentence imposed upon him, and expungement of his record of conviction.

II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

Plaintiff's reliance on FED. R. CIV. P. 60(b)(4) as a source of remedy is misplaced. Under Rule 60(b)(4), a party to a federal civil action may seek relief from a final judgment of the federal district court on the ground that it is void. Plaintiff, however, does not challenge a civil judgment of the federal court. He challenges the validity of a criminal judgment of the state court.

"When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A Rule 60(b) motion for relief from judgment is not an appropriate vehicle for a state prisoner to attempt to have his criminal conviction set aside.

*See United States v. Pope*, 124 Fed. Appx. 680, 682 (2nd Cir. 2005). Although a Rule 60(b) motion may be used "to set aside a habeas denial" in certain limited circumstances, such a motion "does not itself seek habeas relief." *Id.* (quoting *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004)). Plaintiff is not seeking to set aside a denial of habeas relief in this case and, therefore, a Rule 60(b) motion is not appropriate. A review of Plaintiff's complaint shows that he is challenging the validity of his state court criminal conviction and that he seeks to have that conviction vacated or set aside. Plaintiff's sole federal remedy to challenge his state court conviction would be by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

---

[1] The Court notes that Plaintiff previously filed a habeas corpus action in the Eastern District of Michigan, which was denied on the merits. *See Cottenham v. Jamrog*, No. 2:02-cv-74643 (E.D. Mich. Mar. 31, 2004). As a consequence, before Plaintiff could file a second or successive application in the district court, he must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2).

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>March 29, 2010</u>               <u>/s/ Janet T. Neff</u>
                                           Janet T. Neff
                                           United States District Judge